**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4375**

---

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

JEFFREY WINSTON LEWIS,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (7:09-cr-00088-BO-1)

---

Submitted:  November 30, 2011      Decided:  December 15, 2011

---

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

---

Reversed and remanded by unpublished per curiam opinion.

---

Stephen Clayton Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Winston Lewis entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Lewis reserved his right to appeal the issue of whether his prior state convictions for possession with intent to manufacture, sell, and deliver marijuana, in violation of N.C. Gen. Stat. § 90-95(a)(1) (2009), and maintaining a dwelling for the purposes of using controlled substances, in violation of N.C. Gen. Stat. § 90-108(a)(7) (2009), were punishable by more than one year of imprisonment and therefore constituted predicate felonies for the § 922(g) conviction. On consideration of Lewis's unopposed motion to vacate his federal conviction, we reverse.

The judgments for the state court convictions, included in the record below in support of Lewis's motion to dismiss the indictment, reveal that Lewis faced a maximum possible sentence of ten months for each of his prior North Carolina convictions. At the time that the district court accepted Lewis's guilty plea, our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), dictated that a court, when determining whether a prior conviction could be considered as a felony, should "consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Harp has since been

2

overturned by our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Simmons holds that a North Carolina offense may not be classified as a felony based upon the maximum aggravated sentence that could be imposed upon a repeat offender if the defendant before the court was not actually eligible for such a sentence. Id. at 241-46. Because Lewis was not subject to a sentence exceeding one year for these predicate convictions, and therefore had no prior felony convictions, the conduct that formed the basis for his federal conviction, possessing a firearm, did not violate § 922(g)(1). Accordingly, we reverse Lewis's conviction and remand for further proceedings.[*]

We deny Lewis's motion to vacate as moot. The clerk is directed to issue the mandate forthwith. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED

---

[*] We of course do not fault the Government or the district court for reliance on, and application of, unambiguous circuit authority at the time of Lewis's indictment and conviction.

3